NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| WANDA RIVERA, | |
|---|---|
| Plaintiff, | Civil Action No. 16-8012 (JLL) |
| v. | OPINION |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court upon the appeal of Wanda Rivera ("Plaintiff") from the final decision of the Commissioner, upholding the final determination by Administrative Law Judge ("ALJ") Beth Shillin denying Plaintiff's application for disability insurance benefits ("DIBs") under the Social Security Act ("the Act"). The Court resolves this matter on the parties' briefs pursuant to Local Civil Rule 9.1(f). The Court has reviewed the parties' submissions. For the following reasons, the Court affirms the ALJ's decision.

## I. BACKGROUND[1]

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 5.

1

Plaintiff is a fifty-five year old college educated woman, who last worked in November 2011 as a pre-kindergarten teacher. (R. at 105). After Plaintiff's original application was remanded from the Appeals Council on April 29, 2015, a hearing was held before ALJ Shillin. (See R. at 102). On February 17, 2016, ALJ Shillin issued an administrative decision denying Plaintiff disability benefits. (R. at 48). The ALJ found that Plaintiff had several sever ailments including depression, anxiety, migraines, carpal tunnel syndrome, chronic fatigue, degenerative disc disease and sciatica, but did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 27–32). Another major ground for denying Plaintiff's application was the conclusion that Plaintiff could make vocational adjustments to perform other work at the fifth step of the sequential evaluation. (R. at 40–41).

Following the ALJ's determination, Plaintiff sought review from the Appeals Council. (R. 17-20). The Appeals Council found no ground for review and a case before this Court was thereafter timely commenced. (R. 1-8).

## II. STANDARD OF REVIEW

A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Additionally, under the Act, disability must be established by objective medical evidence. 42 U.S.C. § 423(d)(5)(A). To this end; "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." *Id.* Instead, a finding that one is disabled requires:

2

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

3

## III. THE FIVE STEP PROCESS AND THE ALJ'S DECISION

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. Pursuant to the Act, a claimant is eligible for benefits if he or she meets the income and resource limitations of 42 U.S.C. § 1382(a)(1)(A)-(B) and demonstrates that he or she is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Third Circuit has summarized "the five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [("RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994).
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner,

4

> who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Jones*, 364 F.3d at 118-19 (emphasis added). "The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)). Neither party bears the burden of proof at step three. *Id.* at 263 n.2.

The ALJ engaged in the above five-step sequential evaluation and found the following. For Step one, Plaintiff has not engaged in a substantial gainful activity since the alleged onset date of her symptoms. (R. at 27). For Step two, Plaintiff has the following severe impairments: depression, anxiety, migraines, carpal tunnel syndrome, chronic fatigue, degenerative disc disease, and sciatica. (*Id.*). For Step 3, Plaintiff does not have an impairment or combination of impairment that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). (*Id.* at 28). As for her RFC, Plaintiff can perform light work, except that she cannot climb ladders, ropes, or scaffolds; she can occasionally climb stairs and ramps; she can occasionally crouch, crawl, stoop, kneel, and balance; she should avoid working around heavy machinery and heights; she is limited to simple, repetitive, and routine tasks; she should work only with normal office lighting and tasks involving only frequent near visual acuity; she can frequently handle, finger, and feel objects; and she will need a job with an option to sit/stand at will within her work station. (*Id.* at 32–40). For Step four, Plaintiff "is unable to perform any past relevant work" (*id.* at 40). Finally, at Step five, after eliciting vocational expert's ("VE") testimony, the ALJ found Plaintiff could make a

vocational adjustment to a significant number of jobs existing in the national economy. (*Id.* at 40-41). For these reasons, the ALJ found Plaintiff not to be disabled. (*Id.*). Plaintiff challenges only the ALJ's step five findings. (*See* ECF No. 11 ("Pl. Br.") at 22–23).

## IV. DISCUSSION

The Court finds that the ALJ's determination was based on substantial evidence given the VE's testimony that multiple jobs are available to her, even with the sit-stand option. As elaborated above, step five requires the ALJ to determine if the plaintiff can perform work that exists in significant numbers in one or more occupations in either the region where she lives or in several regions of the country. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g). This determination is based on the evidence before the ALJ, including the testimony of a VE. *See Jones*, 364 F.3d at 119. The VE is not required to provide anything other than his own experience and knowledge when providing his testimony. *See* 2000 SSR LEXIS 8, *2. However, a VE's testimony must be based upon a hypothetical that "accurately portrays the claimant's individual physical and mental impairments" that are medically established. *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984).

In this case, the VE testified that a hypothetical individual of the claimant's age, education, and work history, who could work at a light exertional level with a sit-stand option and the postural, visual and environmental limitations set forth above could perform the occupations of information clerk, cashier II, and storage facility rental clerk. (R. at 139–40). The VE testified that there were 85,677 information clerk jobs in the national economy; 1,135,383 cashier II jobs in the national economy; and 111,526 storage facility rental clerk jobs in the national economy. (*Id.*). Upon questioning by Plaintiff's counsel, the VE testified that the availability of the cashier II and information clerk positions would decrease by around fifty percent because of the sit-stand option. (R. at 147–148). In the ALJ's decision, she weighed the VE's and all other testimony and

6

determined that, even if the sit-stand function would erode fifty percent of the information clerk and cashier II positions as the VE testified, there would still be enough of these jobs available in the national economy for the claimant to find work. (R. at 41). The Court determines the ALJ's conclusion was reasonable given the fact that even with a fifty percent decrease of the million cashier II and thousands of information clerk jobs available, there would still be several hundred jobs for Plaintiff to choose from. (*Id.*) These several hundred jobs certainly would qualify as "significant numbers" and thus, the ALJ had substantial evidence to reach her conclusion.

None of the arguments raised by Plaintiff raise any doubt about the ALJ's findings. First, Plaintiff argues that none of the jobs described by the VE allows Plaintiff to sit all day, stand all day, or do a combination of both, which Plaintiff contends is required to allow her to sit or stand "at will." (*See* Pl. Br. at 13). Plaintiff thus believes that the VE's testimony is inconsistent with the Dictionary of Occupational Titles and that the ALJ based her determination on inappropriate evidence. (Pl. Br. at 14). The ALJ did not find any contradiction between the Dictionary of Occupational Titles and the VE's testimony, and even if there were some contradiction, that alone would not require reversal. *See Jones*, 364 F.3d at 506 n.6 ("[T]his Court has not adopt[ed] a general rule that an unexplained conflict between a VE's testimony and the DOT necessarily requires reversal."). Additionally, Plaintiff argues that the VE lacks credibility because he relies on "instinct" and "experience." (Pl. Br. at 21). However, the Court rejects this argument because the VE's findings can still be credible even if they are based on personal knowledge. *See* 2000 SSR LEXIS 8, *2. Therefore, Plaintiff has not made a sufficient claim of error in the ALJ's determination and so, giving the ALJ's determination the due weight afforded to it, this Court upholds the denial of benefits.

## V. CONCLUSION

For the foregoing reasons, the Court affirms the ALJ's decision. An appropriate Order follows this Opinion.

Dated: September 26th, 2017.

JOSE L. LINARES
Chief Judge, United States District Court